## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KAY BATTLES,
    Appellant,

  v.

DEPARTMENT OF THE ARMY,
    Agency.

DOCKET NUMBER
DC-0752-20-0742-I-1

DATE: July 29, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kay Battles</u>, Dallas, Texas, pro se.

<u>Asmaa Abdul-Haqq</u>, Esquire, and <u>Mary Bradley</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a GS-12 Management Analyst. Initial Appeal File (IAF), Tab 1 at 7. On January 24, 2014, the appellant signed a Voluntary Separation Incentive Payment (VSIP) buyout application. IAF, Tab 5 at 20. She later received a letter dated February 18, 2014, approving her VSIP application. IAF, Tab 1 at 8. On February 25, 2014, the appellant signed a VSIP agreement. IAF, Tab 5 at 21. She resigned pursuant to the VSIP, effective February 28, 2014. IAF, Tab 1 at 5-7. The appellant received a lump sum payment of $18,796.00 in exchange for her resignation. *Id.* at 7.

In March 2020, the appellant filed a complaint with the Office of Special Counsel alleging various prohibited personnel practices in connection with her resignation. IAF, Tab 6 at 4-5, 8. The appellant asserted that she competed for positions within the agency since her separation and was not reinstated or otherwise reemployed. *Id.* at 4.

On July 9, 2020, the appellant filed a Board appeal alleging that her second-line supervisor and an agency Human Resources Manager misled her into resigning. IAF, Tab 1 at 5. In particular, the appellant alleged that she "did not apply for voluntary separation incentive or retirement and did not ask to be separated." *Id.* She claimed that her second-line supervisor and another agency official previously informed her that she was not eligible for a VSIP. *Id.* She also claimed that her second-line supervisor presented her with the February 18, 2014 letter for VSIP approval and told her to "disregard the letter in its entirety except one sentence that reads [she] could be reemployed within or after one year: since [she] was eligible to receive a waiver and be reemployed or non-competitively reassigned." *Id.* (punctuation as in original).

The administrative judge informed the appellant that the Board may not have jurisdiction over the appeal, explained her burden of proof for an involuntary resignation/retirement appeal, and ordered her to file evidence and argument regarding jurisdiction. IAF, Tab 7. In response to the order, the appellant repeated that agency officials misled her and "fraudulently asked [her] to sign the application for the VSIP." IAF, Tab 8 at 4-6. In an initial decision, the administrative judge found that the appellant failed to nonfrivolously allege that her resignation was involuntary. IAF, Tab 10, Initial Decision (ID) at 8-11. Therefore, he dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 1 at 2; ID at 1, 11.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the appellant's petition. PFR File, Tab 3. The appellant has filed a reply to the agency's response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly determined that the appellant failed to nonfrivolously allege that her resignation was involuntary.</u>

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). In an involuntary resignation appeal such as this one, the appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. *Freeborn v. Department of Justice*, 119 M.S.P.R. 290, ¶ 9 (2013); 5 C.F.R. § 1201.56(b)(2)(i)(A). If an appellant makes a nonfrivolous allegation of Board jurisdiction over an appeal, she is entitled to a jurisdictional hearing. *Yiying Liu v. Department of Agriculture*, 106 M.S.P.R. 178, ¶ 8 (2007). In assessing whether an appellant has made nonfrivolous allegations entitling her to a hearing, an administrative judge may consider the agency's documentary submissions; however, to the extent the agency's evidence contradicts the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions, and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

On review, the appellant reiterates her argument that she was fraudulently misled into signing the VSIP application and resigning on the basis of a verbal offer of reinstatement or reassignment from her second-line supervisor. PFR File, Tab 1 at 4, 7. An employee-initiated action, such as a resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary resignation, however, is equivalent to a forced removal and therefore is within the Board's jurisdiction. *Id.* To overcome the presumption that a resignation is voluntary, the employee must show that it was the result of the agency's misinformation or deception or that she was coerced by the agency to resign. *Id.*, ¶ 19.

The appellant does not argue that she was coerced into resigning. Rather, she argues that her resignation resulted from misinformation or deception. PFR File, Tab 1; IAF, Tab 1 at 5, Tab 8 at 4-5. A resignation is involuntary if the agency made misleading statements upon which the employee reasonably relied to her detriment. *Paige v. U.S. Postal Service*, 106 M.S.P.R. 299, ¶ 9 (2007). The administrative judge found that the appellant failed to nonfrivolously allege that her resignation was involuntary.[2] ID at 8-10. We agree.

The appellant first reasserts that her second-line supervisor and another agency official informed her that she was not eligible for a VSIP. PFR File, Tab 1 at 5. The gist of this argument is that she could not have applied for a VSIP once the agency made that determination, and thus her election of a VSIP was invalid. *Id.*; IAF, Tab 1 at 5, Tab 4 at 15. We are not persuaded.

The administrative judge found this claim to be inconsistent with the appellant's other claims regarding the VSIP, such as her claims that she was processed for a VSIP "in lieu of family leave or a permanent inter-governmental transfer." ID at 10; IAF, Tab 4 at 17. The record reflects that the appellant signed a VSIP application on January 24, 2014, received a VSIP approval letter dated February 18, 2014, and signed a VSIP payment agreement on February 25, 2014. IAF, Tab 1 at 8, Tab 5 at 20-21. Further, the appellant acknowledged she received a VSIP payment upon her resignation. IAF, Tab 1 at 7, Tab 4 at 15, 18,

_____

[2] The administrative judge found that the "unrefuted record demonstrates that . . . the appellant expressly certified in writing that she was voluntarily resigning" based on evidence submitted by the agency. ID at 8; IAF, Tab 5 at 21. The administrative judge's conclusion, without more, was error because an administrative judge may not weigh evidence or resolve conflicting assertions regarding disputed facts material to the question of jurisdiction without affording the appellant the opportunity for a hearing. *Ferdon*, 60 M.S.P.R. at 329. However, we find this error harmless because, as discussed below, even taking her allegations as true, we agree with the administrative judge's conclusion that the appellant failed to make a nonfrivolous allegation of Board jurisdiction over her appeal. *See* 5 C.F.R. § 1201.4(s) (defining a nonfrivolous allegation as an assertion that, if proven, could establish the matter at issue). Therefore, the administrative judge's error did not affect the appellant's substantive rights and does not constitute reversible error. *See Panter v. Department of Air Force*, 22 M.S.P.R. 281, 282 (1984).

Tab 8 at 5. We agree with the administrative judge to the extent he found that no reasonable person who believed she was not eligible for a VSIP would sign the VSIP application and payment agreement and also accept payment.

The appellant also alleges that, during the course of the VSIP process, her second-line supervisor orally offered her return rights under 5 C.F.R. § 352.806(c)(2)(3).[3] PFR File, Tab 1 at 4, 7. The appellant asserts that she agreed to resign based on her second-line supervisor's offer that she would be returned to her position or be non-competitively reassigned within and/or after one year "[i]n compliance with the letter from the Assistant to the Secretary of the Army the paragraph that states 'on a case by case basis [she] could be approved for reemployment within or after one year.'" PFR File, Tab 1 at 4; IAF, Tab 1 at 5, Tab 8 at 4-5. In construing the terms of a written agreement, the words of the agreement itself are of paramount importance, and parol evidence will be considered only if the written agreement is ambiguous. *De Luna v. Department of the Navy*, 58 M.S.P.R. 526, 529-30 (1993). The fact that an agreement is silent as to a term does not mean it is ambiguous. *Id.* When a contract is silent as to a term, the issue covered by that term is in effect removed from the Board's jurisdiction, and the Board lacks the authority to unilaterally modify the material terms in a settlement agreement. *Id.*, (*citing Harrison v. VA*, 44 MSPR 594, 599 (1990)).

The administrative judge found no information in the record to suggest that the appellant was entitled to reinstatement or reemployment following her separation. ID at 9. We agree. The agreement here does not include any documents referencing return rights under 5 C.F.R. § 352.806(c)(2)(3) or a non-competitive reassignment. Rather, the VSIP agreement she signed in February 2014 provides, in relevant part, that:

---

[3] Section 352.806 provides reinstatement rights under the Taiwan Relations Act. The appellant does not allege, and there is no evidence in the record to show, that this regulation applies to either the appellant or her prior employment with the agency.

> [A]n employee who receives a buyout, and accepts employment with the Government of the United States . . . within 5 years after the date of separation on which payment of the buyout is based, shall be required to repay the entire amount of the buyout (before taxes and deductions) to the Federal agency that paid the buyout. . . . [A] DoD employee who receives a buyout is prohibited from registering in the DoD Priority Placement Program and may not be reemployed by the Department of Defense in any capacity for a 12-month period.

IAF, Tab 5 at 21.

The appellant signed the agreement indicating that her VSIP application was voluntary, she was counseled, and she freely agreed to and fully understood the conditions and terms of the VSIP. *Id.* Because the parties' written agreement is not ambiguous and does not refer to return rights or non-competitive reassignment, the appellant cannot now attempt to unilaterally insert such terms into the agreement. Therefore, we find that the appellant failed to nonfrivolously allege that the agency made misleading statements upon which she reasonably relied to her detriment.

To the extent that the appellant argues that her second-line supervisor's offer of reemployment is consistent with the February 18, 2014 letter from the agency approving the application for a VSIP, we find her argument unavailing. PFR File, Tab 1 at 4-5. While the letter allowed for case-by-case exceptions, it informed the appellant that she could not be reemployed by the Federal Government for 5 years from the date of her separation unless she repaid the entire amount of her VSIP payment and could not be reemployed by the Department of Defense in any capacity for a 12-month period from the date of her separation. IAF, Tab 1 at 8. Therefore, we agree with the administrative judge that the appellant failed to nonfrivolously allege that her resignation was involuntary.

The appellant also alleges that the agency improperly offered the VSIP without providing "options for family leave or any realistic alternatives." PFR File, Tab 1 at 5, 7. A resignation decision made "with blinders on," based on

misinformation or lack of information, cannot be binding as a matter of fundamental fairness and due process. *Freeborn*, 119 M.S.P.R. 290, ¶ 10. To the extent that the appellant is alleging that her resignation was involuntary because she did not have enough information about family leave to make an informed decision, there is nothing alleged by the appellant or present in the record to indicate that the agency knew or should have known the appellant needed clarification on family leave options or that the agency supplied the appellant misinformation regarding family leave options. *See Holser v. Department of the Army*, 77 M.S.P.R. 92, 95 (1997) (finding an employee's incorrect belief that he had to retire to be eligible for disability benefits did not make retirement involuntary because he did not establish that he received inadequate information from the agency). Therefore, the appellant has not raised a nonfrivolous allegation of involuntariness on the basis of inadequate information.

Further, the appellant argues that the agency obstructed her applications for Federal employment following her resignation. PFR File, Tab 1 at 6; IAF, Tab 1 at 6. To the extent the appellant argues that the Board has jurisdiction over her nonselections, it is well settled that the Board lacks direct jurisdiction under 5 U.S.C. § 7512 over an employee's nonselection for a position. *See Gryder v. Department of Transportation*, 100 M.S.P.R. 564, ¶ 9 (2005).

The administrative judge properly determined that absent an otherwise appealable action the Board lacks jurisdiction over claims that the agency committed some prohibited personnel practices and/or harmful procedural errors in the context of her decision to resign.[4] ID at 10; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that, in the absence of an otherwise appealable action, the Board lacks jurisdiction over claims of harmful error and prohibited personnel practices); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982) (explaining

---

[4] The appellant did not allege that her resignation was related to any disclosures of information or protected activity over which the Board might have jurisdiction as an individual right of action appeal. IAF, Tab 1 at 4, Tab 6 at 4-5, 8.

that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction).

Accordingly, because the appellant's arguments on review fail to constitute a nonfrivolous allegation that her resignation was involuntary, we affirm the dismissal of her involuntary resignation appeal for lack of jurisdiction.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[5] Since the Board lacks jurisdiction to review this case, we need not reach the appellant's arguments on review regarding the timeliness of her appeal. PFR File, Tab 1 at 4-5.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                       _____
                                     Gina K. Grippando
                                     Clerk of the Board

Washington, D.C.